(152 App. Div. 743.)

CASTLE BROS. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. October 18, 1912.)

EMINENT DOMAIN (§ 62*)—ENTRY ON PRIVATE PREMISES—DAMAGES—LIABILITY.

> One who consents to an entry on his premises by a city for the construction by it of public improvements according to plans making it necessary for it to enter on the premises and construct a bulkhead along a part of the water front of the premises does not thereby give the city a license to destroy his remaining bulkhead, nor authorize the city to impose a special burden on such premises for a public purpose, and the city, taking the property in constructing the public improvement, must pay damages therefor.
>
> [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 53; Dec. Dig. § 62.*]

Appeal from Trial Term, Kings County.

Action by Castle Bros. against the City of New York. From a judgment for plaintiff, on the decision of the court without a jury, defendant appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

James D. Bell, of Brooklyn (J. W. Johnson, Jr., of Brooklyn, on the brief), for appellant.

George W. Titcomb, of Brooklyn, for respondent.

WOODWARD, J. The plaintiff, a domestic corporation, brings this action to recover damages for a trespass alleged to have been committed by the defendant upon the plaintiff's property at the southwest corner of Douglass street and Gowanus Canal, while engaged in the construction of a flushing tunnel intended to improve the sanitary condition of Gowanus Canal. Upon the trial of the action by the court, a jury having been waived, the court found the fact of the defendant's trespass, and awarded the amount of damages proved to have been sustained; this damage being measured by the cost of replacing a portion of a bulkhead or pier destroyed

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

through the acts of the defendant in the progress of its work. The defendant appeals from the judgment.

It is urged on the part of the defendant that the plaintiff consented to the reconstruction of a part of this bulkhead, and that, having consented, it is not in a position to complain because another portion of the pier was destroyed in the operation. It is true that the plaintiffs, who are contractors, consented to the entry upon their premises for the purposes of this public improvement; but it is not true that they consented to the destruction of their property without compensation. The plans for the improvement made it necessary for the defendant to enter upon the premises and to construct a bulkhead along a portion of the plaintiff's water front, and the mere fact that the plaintiff consented to this work did not give the defendant a license to destroy the remaining bulkhead. It did not authorize the imposing of a special burden upon the plaintiff for a public purpose, and, the operations of the defendant having resulted in a taking of the plaintiff's property in its bulkhead, it is but just and reasonable that he should be compensated for the damages shown.

We have examined the exceptions suggested by the defendant, without finding reversible error.

The judgment should be affirmed, with costs. All concur.